RAMIS ET AL., DEMANDANTES Y APELANTES, *v.* PRATS ET AL., DEMANDADAS Y APELADAS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre inexistencia de actos y contratos.

No. 2954.—Resuelto en marzo 14, 1924.

NULIDAD DE ACTOS Y CONTRATOS—FALTA DE PARTES DEMANDADAS—EXCEPCIÓN PREVIA.—No erró la corte sentenciadora al declarar con lugar una excepción previa de falta de partes necesarias, cuando la parte demandante alega que son nulos diferentes actos y contratos y solicita que la corte lo declare así y eso no obstante no se demanda a las personas que otorgaron dichos actos y contratos.

ID.—ALEGACIONES—EXPOSICIÓN SEPARADA DE LAS CAUSAS DE ACCIÓN.—Por acumulación de acciones, o con más propiedad, por acumulación de causas de acción, se entiende la unión de dos o más pretensiones o derechos de acción en una acción; la exposición de más de una causa de acción en una demanda. La manera por la cual las causas así acumuladas deben ser expuestas, es diferente y constituye una cuestión de alegaciones (*pleadings*).

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. F. González.*

Abogados de las apeladas: *Sres. M. Tous Soto y R. Arce.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Figuran como demandantes en este pleito Francisco Ramis, María L. Borrás y Monserrate Borrás y como demandados Catalina Prats y sus herederos desconocidos, (*sic*), Antero, Natalio, Andrea y Concepción Llompart, y Juana Borrás. Se titula sobre inexistencia de actos y contratos y gira alrededor de una casa situada en Caguas, P. R.

Se alega, en resumen, en la demanda, lo que sigue: Que en 1892 el Ayuntamiento de Caguas autorizó a Pascual Borrás a fabricar y él fabricó una casa de mampostería en solar del municipio en atención a que dicho Borrás tuvo allí otra casa ruinosa que fué derribada; que Borrás permaneció como dueño hasta que en 1910 vendió la casa a Benjamín Forteza, quedando aplazada una parte del precio de la venta hasta que se cancelaran ciertos gravámenes que existían, según el registro, sobre la casa en cuestión. Forteza vendió a Isolina Díaz en las mismas condiciones. Y se sostiene que este pleito se inicia a los efectos de cumplir lo prometido por Borrás al vender a Forteza y por Forteza al vender a Isolina Díaz. Los demandantes dicen ser los herederos de Pascual Borrás fallecido en 1910.

Se alega además en la demanda que en el Registro de la Propiedad de Caguas existen, en relación con la casa de que se trata, los siguientes asientos:

(*a*) Inscripción primera a favor de Bartolomé Palou y Bosch, por compra a Gabriel Amalbert y López.

(*b*) Inscripción segunda a favor de Jaime Llompart y Prats, por compra a Bartolomé Palou y Bosch.

(*c*) Inscripción tercera de posesión, en virtud de información posesoria, a favor del mismo Jaime Llompart y Prats.

(*d*) Inscripción cuarta a favor de Juana Borrás Ginart, por compra a Jaime Llompart y Prats.

(*e*) Inscripción sexta, de hipoteca constituída por Juana

Borrás y Ginart a favor de Jaime Llompart y Prats, en garantía de un préstamo de dos mil dollars, intereses y costas.

Y se sostiene que la inscripción a favor de Palou es nula porque quien compró a Amalbert fue Pascual Borrás y no Palou, siendo simulada la venta al último; que también es nula la inscripción a favor de Llompart porque nada teniendo Palou nada pudo trasmitirle; que la inscripción relativa a la información posesoria es igualmente nula, no existiendo para la época en que se tramitó el expediente, 1901, la casa, por haber sido destruída fabricando otra Borrás en su lugar; que la inscripción a favor de Juana Borrás es nula por basarse en un contrato simulado y sin causa, y también lo es la inscripción de la hipoteca constituída por Juana Borrás a favor de Jaime Llompart.

Se alega por último en la demanda que Palou y Llompart, que aparecen según el registro como sucesivos dueños de la casa y el segundo además como dueño del crédito hipotecario, eran paisanos e íntimos amigos de Pascual Borrás; que Juana Borrás era su sobrina, y que todos ellos, a instancias y para beneficio de Pascual Borrás, llevaron a efecto las simulaciones indicadas, solicitándose, a virtud de todo lo alegado, que se dicte una sentencia que declare la inexistencia de la compra de Palou a Amalbert, de Llompart a Palou y de Juana Borrás a Llompart, y, además, la del expediente posesorio tramitado por Llompart y la de la hipoteca constituída por Juana Borrás a favor de Llompart; declarándose nulas las inscripciones de tales contratos inexistentes y ordenándose su cancelación, todo con imposición de las costas a los demandados que a ello se opusieran.

Los demandados Anterio, Natalio, Andrea y Concepción Llompart alegaron las siguientes excepciones previas: 1, que existe un defecto de partes demandantes; 2, que existe una indebida acumulación de partes demandadas; 3, que existe un defecto de partes demandadas; 4, que varias acciones

han sido indebidamente acumuladas; 5, que la demanda no aduce hechos suficientes para determinar una causa de acción, y 6, que de acuerdo con las mismas alegaciones de la demanda la acción de nulidad del préstamo hipotecario de Llompart a Juana Borrás ha quedado extinguida por ministerio del Art. 1268 del Código Civil en relación con el 1267 del propio Código.

Oídas las partes, la corte dictó la siguiente resolución:

"Consideradas las excepciones previas presentadas contra la demanda, la corte estima que deben también constituirse en demandados a Bartolomé Palou y Bosch, Gabriel Amalbert López, Benjamín Forteza Segura e Isolina Díaz Rodríguez, y exponerse separadamente las distintas causas de acción que se ejercitan; concediéndose a los demandantes el término de diez días para presentar una demanda enmendada."

Los demandantes se negaron a enmendar su demanda y pidieron que se dictara sentencia. La sentencia fue dictada y contra ella establecieron el presente recurso de apelación, señalando en su alegato dos errores cometidos por la corte, 1°., al estimar que eran partes necesarias Palou, Amalbert, Forteza e Isolina Díaz, y 2°., al estimar que en la demanda se ejercitan varias acciones independientes.

A nuestro juicio actuó correctamente la corte al decidir que vinieran al pleito como demandados por lo menos Palou y Amalbert. Por más que los demandantes sostienen que lo que verdaderamente les interesa es la declaración de nulidad de la hipoteca constituída por Juana Borrás, es lo cierto que alegan la inexistencia del contrato celebrado por Palou y Amalbert, base del de hipoteca, y si tal inexistencia no se declara ¿qué derecho tendrían los demandantes para pedir la nulidad de la hipoteca?

Es precisamente con Palou y Amalbert con quienes deben confrontarse primeramente los demandantes en este pleito si es que tienen en verdad algún derecho que ejercitar.

También opinamos que actuó correctamente la Corte de Distrito al ordenar que se expusieran separadamente las causas de acción que se ejercitan. La corte no decidió que se hubieran acumulado indebidamente varias acciones en el pleito, sino que las acciones acumuladas debían exponerse separadamente.

"Por acumulación de acciones, o con más propiedad, por acumulación de causas de acción se entiende la unión de dos o más pretensiones o derechos de acción en una acción; la exposición de más de una causa de acción en una demanda. La manera por la cual las causas así acumuladas deben ser expuestas es una cuestión diferente y constituye una cuestión de alegaciones (*pleading*)." 1 C. J. 1055, citado en Ortiz v. Texidor, 27 D. P. R. 134, 138.

Discutiendo este extremo los apelantes insisten en que "La única finalidad práctica del presente caso se contrae a la declaración de inexistencia y consiguiente cancelación, de una hipoteca que grava la casa de Isolina Díaz, anteriormente de Pascual Borrás, según constancias del Registro de la Propiedad. Y aunque es cierto de toda certeza que dicha hipoteca y el préstamo que ella garantiza fueron cosas simuladas e inexistentes, para corroborar la prueba de tal simulación, relatamos toda la serie de contratos simulados de que fue objeto dicho inmueble, durante el transcurso de varios años en que apareció como de propiedad ajena, cuando en realidad su verdadero título y su posesión material continuaban en poder de su verdadero dueño Pascual Borrás."

Lo expuesto es sin duda lo que conviene a los apelantes, pero los hechos no pueden amoldarse a la conveniencia de las partes. Aceptando que fuera enteramente simulada la hipoteca constituída por Juana Borrás, ¿qué interés podrían tener los demandantes para pedir su nulidad, si la venta de Amalbert a Palou existió?

La parte apelada en su informe y luego por escrito pi-
dió a esta corte que resolviera la excepción de falta de
causa de acción alegada en tiempo y forma y dejada de resol-
ver por la corte de distrito, citando a 2 Hayne, New Trial
and Appeal, 1565. Sus argumentos son persuasivos, pero
como la sentencia apelada se sostiene por el fundamento
que tuvo el juez para dictarla, no creemos necesario seguir
más adelante, sobre todo sin haber oído a la parte contra-
ria.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison
y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución
de este caso.