## HOFFMAN v. METZ et al.
### No. 360.

District Court, M. D. Pennsylvania.
Feb. 7, 1940.

Eli Taylor Conner, 3rd, of Port Jervis, N. Y., for plaintiff.

Karl A. Wagner, of Milford, Pa., for defendant, August Metz, Jr.

David Landau, of Scranton, Pa., for defendant, New Jersey Federation of Young Men's and Young Women's Hebrew Assns.

WATSON, District Judge.

This is an action of ejectment brought by the plaintiff against the defendants in the Court of Common Pleas of Pike County, Pennsylvania. On petition of the New Jersey Federation of Young Men's and Young Women's Hebrew Associations, one of the defendants, the case was removed to this court, and it is now before this court on a motion to remand filed by the plaintiff, and a motion by Metz, one of the defendants, for severance and partial remand.

The facts, as alleged in the declaration, are as follows: The real estate, which is the subject of this action, consists of two parcels of land, one north and the other south of a body of water known as Sawkill Pond. On a portion of the northerly parcel, the defendant Metz, in 1936, erected a dam. This dam raised the level of the lake and the defendants, acting in concert, have taken possession of those portions of the two parcels of land which lie between the original level and the present level of Sawkill Pond.

A protracted litigation involving the present dispute has preceded this action, and a recital thereof is necessary for a complete understanding of this case. In the early part of 1937, the defendant Metz instituted proceedings in the Court of Common Pleas of Pike County, Pennsylvania, for the purpose of compelling the plaintiff Hoffman to bring an action of ejectment against Metz for a tract of land consisting of less than two acres. This tract of land is a portion of the northerly parcel of land described in plaintiff's present action. These proceedings to compel the plaintiff to bring ejectment involved an appeal to the Superior Court of Pennsylvania, 131 Pa.Super. 303, 200 A. 132, and finally resulted in an action of ejectment brought August 11, 1937, by Richard J. Hoffman against Metz and his wife, in the Court of Common Pleas of Pike County, Pennsylvania.

In this court, the defendant New Jersey Federation of Young Men's and Young Women's Hebrew Associations (hereinafter called the Federation) instituted proceedings to compel the plaintiff to bring an action of ejectment for the land here alleged to be in the possession of the defendants and apparently including the tract of less than two acres which was involved in the proceedings between Metz and Hoffman. The proceedings between the Federation and Hoffman were instituted June 1, 1937, and involved an appeal to the Circuit Court of Appeals, 3 Cir., 106 F.2d 204, before they were terminated by the bringing of the present action, in the Court of Common Pleas of Pike County, Pennsylvania.

On or about September 7, 1939, the plaintiff discontinued his action against Metz and his wife, and instituted the present action in which both Metz and the Federation were joined.

On October 3, 1939, a rule was granted on the plaintiff to show cause why the service of the summons in ejectment in the present action should not be stricken from the record. From the record, it appears that no disposition has been made of this rule. On November 15, 1939, an order for removal of these proceedings to this court was entered and the proceedings were thereafter duly removed.

On December 20, 1939, the plaintiff filed the motion to remand, which is here under consideration. In opposition to this motion, the Federation contends that Metz was fraudulently joined as a party defendant in order to defeat the jurisdiction of this court, and that there is a separable controversy involved herein between the plaintiff and the Federation. It is conceded that the plaintiff and Metz are both residents of the Commonwealth of Pennsylvania, and that the Federation is a New Jersey Corporation.

The contention of the Federation that Metz was fraudulently joined as a defendant is clearly without merit. There is no evidence before the court which would warrant a finding of fraudulent joinder. The burden of proving that the joinder was fraudulent is on the party alleging it. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L. Ed. 144. The Federation has devoted a great deal of its argument to the fact that the plaintiff has indicated on numerous

occasions his desire to have this matter proceed in the state courts. The motive of a plaintiff in joining the defendants is of itself immaterial in the question of fraudulent joinder. Chicago, Rock Island & Pacific R. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473. Counsel for the Federation, in his brief, states that he is unable to deny that the land which the Federation claimed in its proceedings against Hoffman included the land which Metz claimed in his proceedings against Hoffman. Furthermore, it is alleged in the declaration that Metz, in concert with the Federation, has taken possession of all of the land for which this action was brought. The Federation has introduced no evidence to contradict this. The only fact upon which the Federation bases its argument on this point is that Metz, in his action to compel Hoffman to bring ejectment, described only a small portion of the land here in dispute. It should be noted that Metz's proceeding against Hoffman does not necessarily indicate the limit of his claim, nor does it show that he has not been committing acts with reference to other property of the plaintiff of such a nature as to warrant the bringing of an action of ejectment against him. From the evidence before the court and the record of those proceedings, the court finds that the joinder of the defendant was made in good faith, as that term is used in connection with the removal of causes from state courts to federal courts.

■■ With the contention that a separable controversy exists here, I cannot agree. This action was brought for the purpose of determining title to real estate. In such action, all claimants are proper parties and necessary for the complete determination of the controversy. Murphy v. Johnson, D.C., 49 F.2d 410. The declaration alleges that the defendants, acting in concert, have taken possession of the land. It is clear, therefore, that the title to this land cannot be established without the joinder of both of the defendants, and, since Metz and Hoffman are both residents of Pennsylvania, this court is without jurisdiction to hear and determine the case.

Now, February 7, 1940, the motion for a severance is denied; the motion to remand is granted; and the case is remanded to the Court of Common Pleas of Pike County, Pennsylvania.