El Pueblo de Puerto Rico, querellante, *v.* Plata Sugar Company y Asociados del Pepino, demandados.

Núm. 6.—*Sometido:* Junio 16, 1941. *Resuelto:* Junio 19, 1941.

*Antonio Lens Cuena,* abogado de Plata Sugar Company; *Fiddler, McConnell & González* y *Jorge M. Morales,* abogados de Asociados del Pepino; *Hon. Procurador General George A. Malcolm* y *Miguel Guerra-Mondragón, Rafael Rivera Zayas* y *Luis Venegas Cortés,* abogados asociados éstos, abogados del querellante.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En octubre 24 de 1940, El Pueblo de Puerto Rico, previo permiso que le fué otorgado por este Tribunal, radicó una querella de la naturaleza de *Quo Warranto* contra la corporación del país denominada "Plata Sugar Company" y "Asociados del Pepino," estos últimos en su carácter de fiduciarios. En la querella se alega, en síntesis:

Que Plata Sugar Company es una corporación organizada en noviembre 17 de 1910 de acuerdo con las leyes de Puerto Rico y que fué autorizada por sus cláusulas de incorporación, entre otras cosas, a dedicarse a la siembra y cultivo de caña de azúcar; que en sus artículos de incorporación se dispone que su derecho a poseer y controlar tierras en Puerto Rico estará limitado a 500 acres, en consonancia con las restricciones establecidas en la Sección 3 de

la Resolución Conjunta del Congreso, de mayo 1, 1900 (U.S. C.A., Título 48, sec. 752); que no obstante la prohibición expresa de sus cláusulas de incorporación y en violación de la citada Resolución Conjunta de mayo 1, 1900, "dicha corporación domina en la actualidad con pleno título de dominio, como viene dominando por cierto tiempo, varias fincas, en exceso de 500 acres, en las cuales se dedica a la siembra, cultivo y recolección de caña de azúcar''; y que dichas fincas tienen un área total de unos 1,709 acres.

Continúa alegando el querellante, que por escritura de constitución de fideicomiso, otorgada en octubre 8, 1938, Antonio Lens Cuena, director y accionista de Plata Sugar Company, constituyó en carácter de fideicomitente un fideicomiso, entregando la suma de $15,000 en efectivo a Angel Abarca Portilla, Enrique Abarca Sanfeliz, Felipe F. Vidal, Juan Abarca Portilla y Francisco Ballester, también accionistas y directores de la corporación querellada, para que en su carácter de fiduciarios pudiesen disponer de la suma entregádales, para los fines y de acuerdo con las facultades expresadas en la escritura de fideicomiso; que entre las facultades conferidas a dichos fiduciarios figuran las siguientes:

1ª. Adquirir terrenos dedicados a la siembra y cultivo de caña de azúcar en Puerto Rico.

2ª. Disponer de la suma de $15,000, así como de cualesquiera otros bienes que puedan adquirir y de los proventos y productos de los mismos, para beneficio de los fideicomisarios.

Que las mencionadas facultades estarán sujetas a las disposiciones siguientes:

"(a) Los negocios del fideicomiso se conducirán bajo el nombre de 'Asociados del Pepino'.

"(b) Los fiduciarios tendrán el manejo y distribución de los bienes del fideicomiso y conducirán sus negocios. Estos poderes incluyen los de sembrar y cultivar caña de azúcar, adquirir bienes inmuebles, dedicarse a negocios agrícolas, demandar y ser demandados, y operar y llevar a efecto el negocio azucarero en Puerto Rico en todas sus ramificaciones.

"(c) El interés de los fideicomisarios en los bienes y negocios del fideicomiso se dividirá en fracciones que se denominarán participaciones, las cuales se evidenciarán por certificados y serán transmisibles mediante el endoso del certificado y el registro del traspaso en los libros que llevarán los fiduciarios. Los fiduciarios están facultados para emitir, de tiempo en tiempo, a su discreción, un total de 120,000 participaciones, todas las cuales serán de la misma clase y con iguales privilegios y derechos.

"(d) Los fiduciarios podrán distribuir dividendos entre los fideicomisarios en proporción a sus respectivos derechos.

"(e) Los fiduciarios podrán emitir participaciones bien sea por dinero, por servicios o por bienes de cualquier naturaleza.

"(f) Cada fideicomisario tendrá derecho a recibir un certificado que especificará el número y clase de participaciones de que es tenedor.

"(g) Los fiduciarios podrán, con el consentimiento de los dueños de dos terceras partes de las participaciones en circulación, enmendar la escritura constituyente del fideicomiso o terminar el propio fideicomiso.

"(h) No se efectuará venta alguna o arrendamiento de los bienes sujetos al fideicomiso si no es con el consentimiento de los dueños de las dos terceras partes de todas las participaciones.

"Todo lo cual consta con mayor particularidad de la escritura que se acompaña, marcada 'Exhibit A,' como parte integrante de esta querella."

Se alega además que la entidad "Asociados del Pepino," por virtud de la mencionada escritura de constitución de fideicomiso, se ha investido a sí misma, para todo propósito práctico, con los atributos de una corporación, a saber: (a) al asumir, como nombre para llevar a cabo sus negocios, el de "Asociados del Pepino," que no es el nombre del fideicomitente, ni el de ninguno de los fiduciarios, ni el de ninguno de los fideicomisarios; (b) al disponer que podrá demandar y ser demandada en su nombre colectivo; (c) al proveer para la designación de fiduciarios, administradores y oficiales, con facultad para representar y actuar por el fideicomiso; (d) al disponer que el fideicomiso, y no los fiduciarios ni los fideicomisarios del mismo, será responsable de los actos y contratos realizados o celebrados por los administradores o ges-

tores del fideicomiso; (e) al proveer que todos los derechos en el fideicomiso estarán representados por acciones o participaciones transferibles libremente; (f) al disponer que el retiro o muerte de un fiduciario no disolverá el fideicomiso; (g) al proveer que el fideicomiso podrá ser disuelto por los fiduciarios con el consentimiento de dos terceras partes de las acciones o participaciones; y (h) al prohibir la enajenación o arrendamiento de los bienes inmuebles del fideicomiso, a menos que se obtenga el consentimiento de los dueños de dos terceras partes de las acciones o participaciones.

Se alega específicamente en la querella, que el mencionado fideicomiso fué constituído por accionistas y directores de Plata Sugar Company con el fin de aparentar que dicha corporación no es dueña de ni cóntrola tierras de labrantío en exceso de 500 acres, y con el propósito de violar la ley federal y el estatuto insular limitativos de la tenencia de tierras en Puerto Rico; y que, para tales fin y propósito, la querellada Plata Sugar Company, por escritura de 8 de octubre de 1938 cedió y traspasó al fideicomiso "Asociados del Pepino," la inmensa mayoría de las tierras que la Plata Sugar Company dominaba y poseía en violación de las leyes desde su constitución hasta la fecha del traspaso.

Los párrafos 9 y 10 de la querella, copiados literalmente, leen así:

"9. Los organizadores de la querellada 'Asociados del Pepino,' y todos los administradores, oficiales y fiduciarios que dicha querellada siempre ha tenido, han sido y son, a un mismo tiempo, oficiales, directores y accionistas de la demandada Plata Sugar Company. Este querellante está informado, y así lo cree, de que en sus capacidades como tales organizadores, administradores, oficiales y fiduciarios de la demandada 'Asociados del Pepino,' dichas personas han actuado y actúan a instigación, bajo el control y para beneficio de la demandada Plata Sugar Company. Este querellante está informado, además, y lo cree por cierto, de que todos o de que prácticamente todos los oficiales y empleados administrativos de la demandada 'Asociados del Pepino' son también oficiales y empleados administrativos de la demandada Plata Sugar Company, y de que, en

sus capacidades como oficiales y empleados administrativos de la demandada 'Asociados del Pepino,' dichas personas han actuado y actúan a instigación y bajo el control y para beneficio de la demandada Plata Sugar Company. Por medio de la administración, dominio y control ejercido de tal suerte por los organizadores, administradores, oficiales, fiduciarios y empleados administrativos de la demandada 'Asociados del Pepino,' la demandada Plata Sugar Company administra, domina y controla el negocio y los asuntos de la demandada 'Asociados del Pepino' y controla las propiedades de 'Asociados del Pepino' de manera tan plena y completa cual si dichas propiedades fuesen de la propiedad de la demandada Plata Sugar Company.

"10. La demandada Plata Sugar Company está autorizada, según se ha alegado a dedicarse a la agricultura; está constreñida por su carta corporativa a la tenencia y control de no más de quinientos acres de tierra, y, por virtud de sus cláusulas de incorporación, está advertida de que tal restricción está establecida por ley; sin embargo, a pesar de tales prohibiciones restrictivas y en violación abierta de la ley federal y del estatuto local que limitan a quinientos acres la tenencia de tierras por corporaciones dedicadas a la agricultura en Puerto Rico, la referida corporación demandada Plata Sugar Company es dueña y controla en la actualidad, tanto por sí misma como por su subsidiaria y agente 'Asociados del Pepino' que directamente domina, ciertas tierras de labrantío, en exceso de quinientos acres, en las que se dedica a la siembra, cultivo y recolección de la caña de azúcar; y cada una de dichas dos entidades demandadas contribuye y participa en las violaciones cometidas por la otra."

Se alega, por último, que la suma total de tierras de labrantío poseída o controlada por Plata Sugar Company, por sí misma y a través de su subsidiaria o agente "Asociados del Pepino," y en las que se dedica actualmente a la agricultura, monta a unos 1,709 acres; y que la tenencia y control por la querellada de esas grandes concentraciones de tierras, son contrarios a la política pública establecida y declarada por El Pueblo de Puerto Rico y están en conflicto con el bienestar económico de la comunidad insular.

Denegadas por resolución de abril 15, 1941, las eliminaciones solicitadas por las querelladas, radicaron éstas en es-

critos separados excepción previa a la querella, por idénticos fundamentos, a saber:

1. Que existe un defecto o indebida acumulación de partes demandadas.

2. Que la querella no aduce hechos suficientes para determinar una causa de acción; y

3. Que la querella es ambigua, ininteligible y dudosa.

Para sostener las excepciones previas por ellas formuladas separadamente, las partes querelladas han radicado un solo alegato, suscrito por los abogados de cada una de ellas, en el que discuten conjuntamente los tres fundamentos de la excepción. Nosotros los discutiremos separadamente para una mejor comprensión de las cuestiones legales envueltas en este procedimiento. La representación del querellante no ha radicado alegato alguno.

¿Constituye el hecho de haber incluído en esta acción al fideicomiso "Asociados del Pepino," una indebida acumulación de partes demandadas?

El Código de Enjuiciamiento Civil, edición de 1933, dispone:

"Artículo 63.—Cualquiera persona podrá ser constituída en demandado, siempre que tenga o alegue tener interés en la contienda en oposición al demandante, o sea parte indispensable para la completa determinación o arreglo de la cuestión litigiosa. . ."

Veamos, pues, si de las alegaciones de la querella se desprende que "Asociados del Pepino" tiene interés en la contienda en oposición al demandante o si es parte indispensable para una completa determinación del litigio.

El interés que tiene el demandante en esta acción es el de hacer cumplir y dar efectividad a la política pública enunciada por el Congreso y reafirmada por la Asamblea Legislativa Insular, que tiene por objeto evitar la tenencia o control de tierras en grandes fundos, en exceso de 500 acres, por corporaciones autorizadas para dedicarse a la agricultura. De acuerdo con las alegaciones de la querella, la que-

rellada Plata Sugar Company, no obstante la limitación impuéstale por sus cláusulas de incorporación y las restricciones establecidas por las leyes vigentes, "domina en la actualidad con pleno título de dominio" tierras por un total de 1,709 acres, dedicadas a la siembra y cultivo de caña de azúcar. Si se probase, como se alega en la querella, que el fideicomiso Asociados del Pepino ha sido creado por directores y accionistas de la corporación Plata Sugar Company, con el fin de aparentar que dicha corporación no es dueña de ni controla tierras en exceso de 500 acres, y con el propósito de que ella pueda continuar, a través de dicho fideicomiso, ejerciendo su control y dominio sobre los 1,709 acres de tierra que hasta la fecha del traspaso al fideicomiso había venido poseyendo, según se alega, en violación de la ley, en ese caso sè habrá establecido el hecho de que el fideicomiso Asociados del Pepino no es otra cosa que un mero agente o instrumento creado por la corporación querellada para llevar a efecto su propósito de continuar dominando o controlando esa gran concentración de tierras, en violación de la ley. Y si resultase cierto, como se alega en la querella, que el traspaso que en octubre 8 de 1938 hizo Plata Sugar Company de todas sus tierras propias y arrendadas, al fideicomiso Asociados del Pepino, fué hecho en prosecución del mencionado propósito de aparentar que la mencionada corporación ya no es dueña de ni controla tierras en exceso de 500 acres y con el fin de continuar violando las leyes que limitan la tenencia de tierras, en ese caso habrán quedado establecidos como hechos esenciales que dicho traspaso es una mera simulación para encubrir una tenencia ilegal de tierras; que el verdadero y único beneficiario del fideicomiso es Plata Sugar Company; y que el título de dominio que ahora ostenta Asociados del Pepino es en realidad el título de Plata Sugar Company para todos los efectos legales.

Admitidos por la excepción previa los hechos alegados en la querella y resultando de ellos que Plata Sugar Company y su alegado agente Asociados del Pepino tienen intereses

comunes y opuestos a los del querellante, tenemos que llegar a la conclusión de que Asociados del Pepino es parte necesaria e indispensable para una completa y definitiva adjudicación de la cuestión litigiosa entre El Pueblo de Puerto Rico y Plata Sugar Company. Véase *El Pueblo de P. R.* v. *Fajardo Sugar Co. et al.*, 51 D.P.R. 876.

No existe, por tanto, la alegada indebida acumulación de partes demandadas.

■ ¿Son los hechos alegados en la querella suficientes para determinar una causa de acción?

Creemos innecesario hacer un minucioso y detallado examen de los hechos esenciales alegados en la querella. Ésta, con excepción de las referentes a la creación del fideicomiso, contiene alegaciones prácticamente idénticas a las que esta Corte Suprema declaró suficientes en el caso de *El Pueblo de Puerto Rico* v. *Rubert Hermanos, Inc.*, 53 D.P.R. 779, confirmado por la Corte Suprema Federal en *People* v. *Rubert Hermanos, Inc.*, 309 U. S. 543, 84 L. Ed. 916. La suficiencia de idénticas alegaciones fué sostenida también por este Tribunal en *El Pueblo de Puerto Rico* v. *Fajardo Sugar Co. et al.*, supra, en el que se dijo:

"Considerada en conjunto, la querella expone en términos claros y precisos la concepción, desarrollo y existencia de un plan preconcebido y realizado con el propósito de evadir y violar las restricciones legales que prohiben a las corporaciones agrícolas tener el dominio o control de más de 500 acres de tierras dedicadas a la agricultura. En ese plan se hace figurar como actora principal (*master mind*), a The Fajardo Sugar Company of Puerto Rico, y como partes secundarias, sujetas al control y dirección de la primera, a 'Loiza Sugar Company' y 'The Fajardo Sugar Growers' Association.' Los medios y procedimientos de que se ha valido 'La Fajardo' para adquirir y tener bajo su dominio o control 23,800 cuerdas de tierras laborables aparecen específicamente alegados en la querella, y demuestran prima facie que la ley ha sido violada por las demandadas."

■ El tercer fundamento de la excepción no requiere un detenido estudio. La querella es a nuestro juicio perfecta-

mente clara e inteligible y basta la mera lectura de sus alegaciones para que se entienda, sin lugar a dudas, que lo que se alega en síntesis es que una corporación agrícola, Plata Sugar Company, estuvo hasta octubre 8 de 1938 violando las leyes limitativas de la tenencia de tierras, al tener registradas en su nombre 1,709 cuerdas de tierra; que en esa fecha, 8 de octubre de 1938, con el propósito de aparentar o hacer creer que ya no era dueña de esas tierras, concibió e instigó la creación de un fideicomiso, representado y administrado por sus directores y accionistas, para beneficio de la corporación; y que a través de esa instrumentalidad por ella creada, la corporación querellada sigue poseyendo y controlando el mismo número de cuerdas de tierra que por la escritura de octubre 8, 1938, fueron traspasadas al fideicomiso.

Por las razones expuestas, *las excepciones previas de ambas querelladas deben ser desestimadas, concediéndose a dichas querelladas un término de 20 días para contestar la querella.*