EL PUEBLO DE PUERTO RICO, querellante, *v.* CENTRAL AGUIRRE ASSOCIATES, CENTRAL AGUIRRE SUGAR COMPANY, CENTRAL MACHETE COMPANY y LUCE & COMPANY, S. EN C., demandadas.

Núm. 9.—*Sometido:* Julio 26, 1941. *Resuelto:* Agosto 2, 1941.

*Charles R. Hartzell* y *Rafael O. Fernández,* abogados de Central Aguirre Associates; *Hon. Procurador General Interino Emilio de Aldrey* y *Miguel Guerra-Mondragón, Rafael Rivera Zayas* y *Luis Venegas Cortés,* abogados asociados éstos, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Una de las querelladas en este caso, Central Aguirre Associates, además de presentar conjuntamente con las demás querelladas una moción solicitando el traslado para la Corte de Distrito de los Estados Unidos para Puerto Rico, la que ha sido declarada sin lugar por resolución dictada en esta misma fecha (ante, pág. 401), radicó otra moción solicitando el traslado del caso, en cuanto a ella se refiere, para la mencionada corte. Las partes fueron oídas el 15 de julio de 1941 y radicaron sus alegatos el día 26 del mismo mes y año. Los fundamentos de esta moción son dos: primero, que la acción en este caso surge de la Constitución y leyes de los Estados Unidos; y segundo, que la acción ejercitada en cuanto a la querellada Central Aguirre Associates es separable y puede resolverse independientemente de las demás querelladas.

En cuanto a la primera cuestión la hemos resuelto desestimando la teoría de la querellada, en la resolución dictada en este mismo caso en el día de hoy a que nos hemos referido anteriormente, y damos por reproducido lo allí dicho.

El segundo fundamento de la moción descansa en lo provisto en 48 U.S.C.A., Sección 863, según enmendada en marzo 26, 1938, que dispone:

"Dicha Corte de Distrito tendrá jurisdicción de toda controversia donde todas las partes en uno u otro lado de la controversia sean ciudadanos o sujetos de un Estado o Estados extranjeros, o ciudadanos de un Estado, Territorio o Distrito de los Estados Unidos no domiciliados en Puerto Rico cuando la materia en disputa exceda, excluyendo intereses o costas, la suma o valor de $3,000, *y de toda controversia en la que haya una controversia separable que envuelva dicha suma jurisdiccional y en la que todas las partes en uno u otro lado*

*de tal controversia separable sean ciudadanos o sujetos del carácter antes mencionado.''* (Itálicas nuestras.)

Tres son, pues, los requisitos exigidos por el estatuto para que pueda prosperar una moción de traslado como la presentada por la querellada Central Aguirre Associates, a saber:

1.—Que todas las querelladas que solicitan el traslado sean ciudadanos de un Estado, Territorio o Distrito de los Estados Unidos no domiciliados en Puerto Rico.

2.—Que en cuanto a dichos querellados exista una controversia separable, y

3.—Que la cuantía envuelta exceda, excluyendo intereses o costas la suma de $3,000.

Si falta cualquiera de ellos no procede el traslado solicitado.

De acuerdo con las alegaciones de la querella no hay duda de que la cuantía envuelta en este caso excede de $3,000 y el querellante no discute que exista el primero, de manera que veamos si de acuerdo con esas mismas alegaciones existe la controversia separable entre las partes.

Se alega que Central Aguirre Associates es un *supuesto* fideicomiso constituído mediante declaración de fecha agosto 1 de 1928 suscrita por Charles C. Bancroft, J. Brooks Kayes y Richard D. Coe, como *supuestos* fiduciarios, en la ciudad de Boston, Massachusetts; declaración que ha sido modificada en fechas posteriores; que los propósitos para los cuales el supuesto fideicomiso fué constituído y para los cuales sus supuestos fiduciarios fueron autorizados a dedicarse, son, entre otros: (1) adquirir, mediante el canje de acciones del fideicomiso, valores emitidos por cualquier organización constituída y domiciliada en los Estados Unidos o en el extranjero, y, especialmente, para adquirir, mediante permuta, acciones en la corporación codemandada, Central Aguirre Sugar Company, entidad organizada bajo las leyes de Puerto Rico, y (2) para dedicarse a la siembra, cultivo y recolección de caña de azúcar y a la manufactura de azúcar, mieles y otros productos derivados de aquélla; que la referida decla-

ración de agosto 1°. de 1928, en su artículo IV, instruye y autoriza a los supuestos fiduciarios para que emitan certificados de acciones representativas de interés en la propiedad del fideicomiso, en número máximo de 180,000 certificados, con un valor a la par de veinte dólares cada uno. Instruye y autoriza, además, dicho artículo a los supuestos fiduciarios para que procedan a permutar certificados del fideicomiso por acciones de la corporación doméstica Central Aguirre Sugar Company. La declaración suplementaria de fideicomiso de fecha 8 de diciembre de 1928 instruyó y autorizó la sustitución de los 180,000 certificados de un valor a la par de veinte dólares cada uno por 720,000 acciones comunes del fideicomiso sin valor declarado alguno; número que fué finalmente aumentado a 820,000 certificados de acciones, sin valor a la par alguno, por la declaración suplementaria de 29 de junio de 1933; que el número de los fiduciarios fué aumentado por declaración suplementaria de diciembre 8 de 1929, la cual dispone que éstos nunca serán menos de tres ni más de veinte. Los actuales fiduciarios, según información que el querellante cree cierta, son Charles C. Bancroft, J. Brooks Kayes, Robert F. Herrick, George C. Lee, Charles Francis Adams, Edwin P. Brown, Louis Bacon, John Farr Jr., James H. Post y Charles G. Meyer, quienes desempeñan funciones iguales a las que desempeñan los directores de una corporación de Massachusetts; que los accionistas del fideicomiso tienen el dominio supremo de los negocios del mismo, pues están facultados para nombrar los fiduciarios, quienes son responsables a los accionistas; pueden enmendar a discreción la constitución del fideicomiso, y pueden terminarlo en cualquier tiempo que estimen conveniente.

Continúa entonces la querella alegando la organización en Puerto Rico de las otras querelladas Central Aguirre Sugar Company, Central Machete Company y Luce & Company, S. en C. Y en cuanto a ellas se alega que la entidad Central Aguirre Associates es dueña del noventa y nueve y sesenta

y seis centésimas por ciento (99.66%) del capital de la co-
demandada Central Aguirre Sugar Company, teniendo de
esta suerte el dominio de sus negocios y controlando de este
modo sus tierras de labrantío, montantes a unos 437 acres;
que Central Aguirre Sugar Company es dueña, además, de
(1) una factoría de azúcar sita en Aguirre, Puerto Rico, con
una capacidad productiva no menor de 80,000 toneladas al
año, y (2) de otra factoría de azúcar, sita en Santa Isabel,
Puerto Rico, con una capacidad anual no menor de 25,000
toneladas al año; que como tal dueña de casi la totalidad
de las acciones de Central Aguirre Sugar Company, Central
Aguirre Associates domina, dirige y controla los negocios de
aquélla; que Central Aguirre Associates es dueña del se-
tenta y dos y cincuenta centésimas por ciento (72.50%) del
capital de la codemandada The Central Machete Company,
teniendo de esta suerte el dominio de sus acciones y contro-
lando de ese modo sus tierras de labrantío, montantes a unos
20 acres, más una factoría de azúcar con sus accesorios y
anejos, sita en Guayama, Puerto Rico, con una capacidad
productiva no menor de 25,000 toneladas anuales; que como
tal dueña de casi la totalidad de las acciones de The Central
Machete Company, Central Aguirre Associates domina y
controla los negocios de aquélla; que con posterioridad a la
aprobación por el Congreso de los Estados Unidos de la pre-
sente Carta Orgánica de Puerto Rico, John D. H. Luce, John
Farr, Charles L. Carpenter, Charles Meyer, Louis Bacon y
Charles G. Bancroft, accionistas y directores de Central
Aguirre Sugar Company, organizaron la sociedad Luce &
Company, S. en C., con el objeto ilícito de (1) evadir las dis-
posiciones de la Resolución Conjunta del Congreso de 1900,
comúnmente conocida por el nombre de "Ley de los 500
Acres", tal como fué enfatizada y reiterada por la Carta Or-
gánica de Puerto Rico en marzo 2 de 1917, y (2) las dispo-
siciones del inciso 4 del artículo 3 de la Ley sobre Corpora-
ciones Privadas, aprobada por la Asamblea Legislativa de
Puerto Rico en 9 de marzo de 1911.

Se alega entonces cómo Luce & Co., S. en C., adquirió tierras en exceso de 500 acres por valor de varios millones de dólares y se alega además que Central Aguirre Associates maneja, controla y domina todas las propiedades de Luce & Company, S. en C., consistentes, entre otras, en unos 25,205 acres de tierras de labrantío ubicadas en los pueblos de Santa Isabel, Juana Díaz, Guayama, Cayey, Salinas y Arroyo, tierras que Central Aguirre Associates dedica a la agricultura y especialmente a la siembra, cultivo y recolección de cañas de azúcar por instrumentalidad de la supuesta sociedad Luce & Company, S. en C.; que a pesar de lo expuesto en la ameritada escritura de constitución de Luce & Company, S. en C. y en las escrituras posteriores que la modifican, es lo cierto que dicha sociedad carece de existencia real pues que los accionistas del fideicomiso Central Aguirre Associates y los de Central Aguirre Sugar Company son dueños de la totalidad del capital de la sociedad Luce & Company, S. en C.; pues que los beneficios de la sociedad se dividen en la siguiente proporción: $\frac{179,384}{180,000}$ para los accionistas de Central Aguirre Associates y $\frac{616}{180,000}$ para los accionistas de Central Aguirre Sugar Company; y, además, los llamados socios gestores de Luce & Company, S. en C., son meros agentes o empleados residentes en Puerto Rico de Central Aguirre Associates, sin participación en las ganancias ni en las pérdidas de la tal supuesta entidad y sin otra remuneración que la acordada por servicios prestados al fideicomiso; que los organizadores del fideicomiso Central Aguirre Associates, y los administradores, oficiales, fiduciarios y accionistas que dicha demandada siempre ha tenido, han sido alguna vez, y, con frecuencia, fueron a un mismo tiempo oficiales, directores, fiduciarios o socios de las últimas tres demandadas, Central Aguirre Sugar Company, Central Machete Company y Luce & Company, S. en C.

La querella alega además que Luce & Company, S. en C., es una sociedad ilícita porque a todos sus socios les constaba y consta que la función que llenaban y llenan no era otra que

la de prestarse a contribuir a ocultar ante los funcionarios de la ley, a la entidad verdaderamente dueña de los 28,205 acres de tierras de labrantío, o sea, a Central Aguirre Associates, y en cuanto a esto se alega que tanto el negocio como las propiedades de Central Aguirre Associates no son administrados y controlados por los supuestos fiduciarios a beneficio de sus accionistas, sino que estos últimos tienen el manejo y control supremo sobre el negocio y las propiedades del referido fideicomiso; que el supuesto fideicomiso Central Aguirre Associates se constituyó con el solo propósito de dedicar tierras en exceso de 500 acres a la agricultura en Puerto Rico mediante la combinación arriba denunciada existente entre la referida entidad y sus afiliadas Central Aguirre Sugar Company, The Central Machete Company y Luce & Company, S. en C., y que el objeto de su organización es, por tanto, ilícito.

Termina la querella, antes de exponer cuál es la política pública de El Pueblo de Puerto Rico, alegando lo siguiente:

"25. En violación abierta de la Resolución Conjunta Núm. 23 del Congreso 56, Sesión Primera, aprobada en 1º. de mayo de 1900 (31 Statutes at Large 716, Código de los Estados Unidos, Título 48, Sección 752) así como de la ley local sobre corporaciones privadas, el referido fideicomiso Central Aguirre Associates es dueño de y controla en la actualidad, tanto por sí mismo como por las subsidiarias o agentes que directamente domina, según se ha dicho, y las demandadas Central Aguirre Sugar Company, The Central Machete Company y Luce & Company, S. en C., cada una de ellas posee y controla en pleno dominio, como cada una de ellas ha poseído y controlado por largo tiempo pasado, ciertas tierras de labrantío en exceso de 500 acres, en las que todas y cada una de dichas demandadas se dedica a la siembra, cultivo y recolección de cañas de azúcar, y cada una de dichas cuatro demandadas contribuye y participa en las violaciones cometidas por cada una de las otras demandadas.

"26. La suma total de tierras de labrantío poseída y controlada en la actualidad por dicha demandada Central Aguirre Associates, tanto por sí como por medio de sus subsidiarias o agentes arriba mencionados, y en las que se dedica en la actualidad a la agricultura, según se ha dicho, monta a unos 28,662 acres."

█ En el caso de *El Pueblo* v. *South Porto Rico Sugar Co.*, 54 D.P.R. 131, resolvimos, citando autoridades, que el derecho al traslado no depende de la voluntad exclusiva del que lo solicita sino que son las alegaciones de la demanda radicada en la corte estatal o insular, en su caso, las que determinan la índole del pleito. █ ¿Indican las alegaciones de la querella que hemos resumido anteriormente, que existe en este caso, como sostiene la querellada Central Aguirre Associates, una controversia separable entre El Pueblo de Puerto Rico y dicha querellada, que pueda ser resuelta sin oír y sin la intervención de las otras querelladas Central Aguirre Sugar Company, Central Machete Company y Luce & Company, S. en C.? La pregunta hay que contestarla en la negativa. Por dichas alegaciones se imputa a todas las querelladas una serie de actuaciones tan íntimamente entrelazadas unas con otras que no podría resolverse la controversia total planteada sin la intervención de todas las querelladas. No se trata, como sostiene la querellada Central Aguirre Associates, de una causa de acción separada y distinta que pudo haber sido presentada en su contra sin incluir a las demás querelladas como partes necesarias. Basta con leer la alegación 17 de la querella para darse cuenta de que no podría resolverse separadamente la controversia alegada. Dice así:

"17. A pesar de lo expuesto en la ameritada escritura de constitución de Luce & Company, S. en C. y en las escrituras posteriores que la modifican, es lo cierto que dicha sociedad carece de existencia real pues que los accionistas del fideicomiso Central Aguirre Associates y los de Central Aguirre Sugar Company son dueños de la totalidad del capital de la sociedad Luce & Company, S. en C.; pues que los beneficios de la sociedad se dividen en la siguiente proporción: $\frac{179,384}{180,000}$ para los accionistas de Central Aguirre Associates y $\frac{616}{180,000}$ para los accionistas de Central Aguirre Sugar Company; y, además, los llamados socios gestores de Luce & Company, S. en C., son meros agentes o empleados residentes en Puerto Rico de Central Aguirre Associates, sin participación en las ganancias ni en las pér-

didas de la tal supuesta entidad y sin otra remuneración que la acordada por servicios prestados al fideicomiso."

En nuestra opinión, no podría resolverse, de ser probada esta alegación, separadamente la controversia sin oír a Luce & Company, S. en C., pues se alega que las ganancias de dicha sociedad se reparten, en la proporción que se dice, entre las otras querelladas Central Aguirre Associates y Central Aguirre Sugar Company. En cuanto a la controversia alegada Luce & Company, S. en C., es parte necesaria e indispensable, como los son también las otras querelladas. No vemos en qué forma podría dictarse un fallo que afectaría directamente a Luce & Company, S. en C., sin que ésta tuviera la oportunidad de defenderse de las imputaciones que se hacen en la querella en cuanto a sus actuaciones en combinación con las otras querelladas.

■ El hecho de que en la súplica se soliciten distintos pronunciamientos en cuanto a cada querellada, no es determinante de que sean varias las causas de acción alegadas, como sostiene la Central Aguirre Associates. En primer término, la súplica no forma parte de la causa de acción de una demanda. *González Reyes* v. *González,* 43 D.P.R. 826. ■ Y en 1 C. J. 1059 al tratar sobre la cuestión planteada por la querellada, se expone la doctrina aplicable en esta forma:

"Aunque algunas veces se confunden, las causas de acción, propiamente hablando, son claramente distinguibles de los derechos remediales a que dan lugar; y como la súplica no forma parte de la causa de acción, y la misma causa de acción puede dar lugar a varios derechos remediales, la cuestión de si una o más causas de acción son alegadas no debe determinarse por el hecho de que se soliciten distintas clases de remedios o se deseen distintos objetos. Una demanda puede, sin alegar más de una causa de acción independiente, requerir la determinación de varias materias como incidentales al remedio principal solicitado, especialmente en acciones de naturaleza equitativa. Una demanda por tanto se considera que alega una causa de acción aunque se soliciten distintas y varias formas de remedio, cuando todos son germanos a la vindicación de un derecho único

primario...o generalmente, cuando la demanda tiene un solo objeto primordial y las distintas formas de remedio solicitado son meramente incidentales al mismo.''

La querella en este caso tiene un solo objeto primordial: determinar si las querelladas, a virtud de la combinación ilícita alegada, están violando la Ley de 500 acres y, en caso afirmativo, que se aplique a cada una de ellas la sanción legal correspondiente. No puede considerarse la acción como una controversia separable entre El Pueblo de Puerto Rico y Central Aguirre Associates.

*Somos de opinión que, faltando el segundo requisito antes mencionado, no procede el traslado solicitado por Central Aguirre Associates, y como consecuencia, se declara sin lugar su moción al efecto.*

El Juez Asociado Sr. De Jesús no intervino.