EL PUEBLO DE PUERTO RICO, querellante, *v.* HARRY
E. HENNEMAN, ET ALS., querellados.

Núm. 10.—*Sometido:* Febrero 9, 1942. *Resuelto:* Febrero 27, 1942.

*Hon. Procurador General George A. Malcolm* y *Miguel Guerra Mondragón, Rafael Rivera Zayas* y *Luis Venegas Cortés,* abogados asociados éstos, abogados del Pueblo, querellante; *E. T. Fiddler, H. S. McConnell* y *José G. González,* abogados de los querellados.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Ésta es una petición para que se traslade una querella de la naturaleza de un *quo warranto* de esta corte a la Corte de Distrito de los Estados Unidos para Puerto Rico. Después de haber obtenido permiso para ello, El Pueblo de Puerto Rico radicó la querella en este tribunal contra Harry E. Henneman, Heyward E. Boyce, Harry N. Baetjer, Louis Naetzker, A. H. S. Post, James A. Stevenson y Clarence K. Bowie, como "trustees" de Eastern Sugar Associates y contra la Eastern Sugar Associates, un fideicomiso.

La querella alega que "la demandada Eastern Sugar Associates es entidad que se describe a sí misma cual si fuese un fideicomiso, y fué organizada como tal fideicomiso a tenor de las leyes del Estado de Maryland, Estados Unidos de América, a virtud de una declaración de fideicomiso fechada en 16 de enero de 1934, siendo la Isla de Puerto Rico el actual domicilio y *situs* de dicho fideicomiso."

Alega la querella que "la demandada Eastern Sugar Associates, así por la declaración de fideicomiso que la constituyera como por su método de operar, se ha investido a sí misma para todo propósito práctico de todos los atributos de una corporación." Bajo esta alegación contiene la querella once subdivisiones exponiendo los términos de la referida declaración de fideicomiso.

Alega la querella que "dicha demandada Eastern Sugar Associates domina en la actualidad, en concepto de dueña, unos 34,000 acres de tierra, y unos 21,000 acres adicionales

como arrendataria en Puerto Rico, en las cuales tierras se dedica en la actualidad a la agricultura, en contravención a las disposiciones del estatuto local relativo a corporaciones privadas y a las disposiciones de la Resolución Conjunta núm. 23, Congreso 56, Primera Sesión, aprobada en 1 de mayo de 1900 (31 Statutes at Large 716, 48 USCA, sec. 752) limitativas de la tenencia de tierras por corporaciones en Puerto Rico a 500 acres.''

La súplica es por ''sentencia (a) declarando que la demandada Eastern Sugar Associates es para todo propósito práctico una corporación extranjera operando en esta Isla, tal como dicho término 'corporación' es empleado en los estatutos de vigencia local limitativos de la tenencia de tierras por entidades corporativas agrícolas a 500 acres; (b) declarando que la demandada Eastern Sugar Associates se dedica a la agricultura en Puerto Rico en tierras que exceden de 500 acres; (c) ordenando a la demandada Eastern Sugar Associates a cesar y desistir de hacer negocios ulteriores en Puerto Rico; (d) imponiéndole una multa, y (e) dictando cualquier otro pronunciamiento que en justicia y equidad sea procedente.''

La petición de traslado, radicada por los referidos individuos como ''trustees'' de la Eastern Sugar Associates, alega que éste es un pleito civil en equidad y ''aunque intitulado como si el mismo fuera un procedimiento de la naturaleza de *quo warranto,* es de hecho y de derecho un procedimiento para una sentencia declaratoria . . .''. Alega la petición que en este recurso está envuelta una controversia en donde todos los miembros de una parte son ciudadanos de estados de los Estados Unidos, no domiciliados en Puerto Rico. Continúa alegando que ''el querellante ha tratado impropiamente de hacer aparecer que además de estos peticionarios existe otro demandado en este procedimiento, esto es, 'Eastern Sugar Associates, a Trust,' . . .'', y que dicho término ''es meramente una designación colectiva adoptada

por estos peticionarios para facilidad de referencia a ellos en su capacidad de 'trustees' antes mencionada.''

En adición a la alegada diversidad de ciudadanía, la petición alega como fundamento adicional para el traslado que el pleito surge bajo las leyes de los Estados Unidos.

El Gobierno ha radicado una ''Contestación del querellante a la petición de los demandados.'' La contestación niega que ésta sea una acción en equidad o que sea un recurso de sentencia declaratoria. Alega la contestación que éste es un recurso estatutario de la naturaleza de un *quo warranto*, que si éste es ''un recurso de sentencia declaratoria y no un procedimiento de la naturaleza de un quo warranto . . . esta Hon. Corte carece de jurisdicción sobre la materia pues que los procedimientos de sentencias declaratorias han de ser instados originalmente y en primera instancia ante las cortes de distrito . . .'', y que ''si esta Hon. Corte carece de jurisdicción original sobre este procedimiento, en ese caso esta causa no es trasladable a la Corte de Distrito de los Estados Unidos para Puerto Rico.''

Al oponerse a la petición de traslado el Gobierno sostiene en su alegato que (1) si éste es un recurso de sentencia declaratoria, la petición de traslado no puede concederse toda vez que no tenemos jurisdicción original sobre un caso de tal naturaleza; (2) éste no es un pleito que surge bajo las leyes de los Estados Unidos; y (3) la diversidad de ciudadanía no existe en este caso, ya que la Eastern Sugar Associates, un fideicomiso, está domiciliada en Puerto Rico.

▉ El Gobierno está en lo cierto al sostener que no tenemos jurisdicción original en un pleito de sentencia declaratoria y que por tanto si llegamos a la conclusión de que ésta es una petición de sentencia declaratoria, debemos desestimar la solicitud de traslado por falta de jurisdicción sobre el pleito en su fondo. *Venner* v. *Michigan Central Railroad Co.*, 271 U.S. 127; *Lambert Run Coal Co.* v. *Baltimore & Ohio Railroad Co.*, 258 U.S. 377.

Sin embargo, estamos satisfechos que ésta es una querella de la naturaleza de un quo warranto y no una petición de sentencia declaratoria. En tal caso nuestra jurisdicción original en este pleito existe a virtud de las leyes núms. 33 y 47, Leyes de Puerto Rico de 1935, Sesión Extraordinaria. Puede ser que un recurso de sentencia declaratoria pudo haberse iniciado por el gobierno con el fin de determinar el status de la Eastern Sugar Associates y las tierras que se alega la misma posee. Tal recurso simplemente habría declarado los derechos y responsabilidades de los querellados. Borchard *on Declaratory Judgments,* páginas 155, 156, 275, 315, 318, 362, 363. Pero el Gobierno prefirió entablar, mediante permiso concedido por este tribunal, un caso típico de quo warranto con una súplica de remedio afirmativo; a saber, que la querellada Eastern Sugar Associates cese de hacer negocios en Puerto Rico y que se le imponga una multa. Este pleito es similar al de *Pueblo* v. *Central Aguirre Associates,* 59 D.P.R. 406, en el cual el Juez Asociado Sr. Todd, Jr., se expresó en la siguiente forma:

"La querella en este caso tiene un solo objeto primordial: determinar si las querelladas, a virtud de la combinación ilícita alegada, están violando la Ley de 500 acres y, en caso afirmativo, *que se aplique a cada una de ellas la sanción legal correspondiente.*" (Itálicas nuestras.)

Concluimos por tanto que tenemos jurisdicción sobre este caso, y debemos considerar la petición de traslado. Para que este pleito se pueda trasladar, tiene que ser uno "de naturaleza civil, en ley o en equidad", que "surja bajo la Constitución o leyes de los Estados Unidos . . ." o un pleito en el cual "todas las partes de cualquier lado de la controversia sean ciudadanos . . . de un . . . Estado o Estados . . . y en el cual el asunto en disputa exceda de . . . $3,000."

Mientras el gobierno niega que éste es un caso en equidad, parecería que las partes estén de acuerdo que es un caso civil. Las autoridades son terminantes en este punto.

El recurso de quo warranto, originalmente un remedio civil de la corona, fué sustituído por un procedimiento en la forma de una acusación criminal, la cual a su vez se transformó en una acción substancialmente civil. Note, *Quo Warranto Against Private Corporations,* 41 Harvard Law Review, 244; High, Third Edïtion, páginas 544, 555, 556; *Standard Oil Co.* v. *Missouri,* 224 U.S. 270, 282, *et seq.; Pueblo* v. *South P. R. Sugar Co.,* 54 D.P.R. 131.

■ También se ha establecido sin lugar a dudas que una querella de la naturaleza de un quo warranto radicada por un estado, puede ser trasladada de una corte estatal a una corte de distrito federal, siempre y cuando el pleito surja bajo las leyes de los Estados Unidos o que exista el requisito de diversidad de ciudadanía. *Ames* v. *Kansas,* 111 U.S. 449; *Klein* v. *Wilson & Co.,* 7 F.. (2) 772; *State of Illinois* v. *Illinois Central Railroad Co.,* 33 F. 721 (Corte de Circuito, N.D., Ill., 1888; caso radicado originalmente en corte criminal estatal); *Dougherty* v. *Michigan Bell Telephone Co.,* 209 N.W. 200 (Mich.—1926).

■ Por tanto es necesario que determinemos (*a*) si este pleito surge bajo las leyes de los Estados Unidos, o (*b*) si la diversidad de ciudadanía existe en este caso. La Corte Suprema de los Estados Unidos resolvió en *Puerto Rico* v. *Rubert Hermanos, Inc.,* 309 U.S. 543, que una querella de la naturaleza de un quo warranto radicada en esta corte contra una corporación por violación de la Sección 752, Título 48, United States Code, no surgió bajo las leyes de los Estados Unidos. Los peticionarios no han señalado distinción alguna entre el caso de *Rubert* y el de autos en cuanto a esta cuestión. Sostenemos que no existe ninguna cuestión federal en este caso y que no puede ser trasladado por ese fundamento.

■■ Vamos a considerar ahora la única cuestión seria ante nos—diversidad de ciudadanía. Desde que las leyes núms. 33 y 47 de 1935, Sesión Extraordinaria de ese año, fueron aprobadas, dándole a esta corte jurisdicción original en procedimientos de quo warranto de esta naturaleza, nueve

querellas han sido radicadas en esta corte. En dos de ellas los demandados han pedido el traslado a la Corte de Distrito de los Estados Unidos para Puerto Rico a base de que surgieron bajo las leyes de los Estados Unidos. Negamos ambas peticiones (*Pueblo* v. *South P. R. Sugar Co.*, 54 D.P.R. 131; *Pueblo* v. *Central Aguirre Associates*, 59 D.P.R. 406), y nuestra actuación ha sido sostenida por la decisión en el caso de *Puerto Rico* v. *Rubert Hermanos, Inc.*, supra. Este es el primer caso en que la petición de traslado se ha basado principalmente en diversidad de ciudadanía.

Si el Pueblo de Puerto Rico es demandante en un caso civil en una corte insular y todos los demandados son ciudadanos de un estado o estados de los Estados Unidos y no están domiciliados en Puerto Rico, una petición de traslado de un caso de esta naturaleza a la Corte de Distrito de los Estados Unidos para Puerto Rico a base de diversidad de ciudadanía debe ser concedida. *Pueblo de Puerto Rico* v. *Fortuna Estates*, 279 F. 500; *Pueblo de Puerto Rico* v. *Livingston*, 47 F. (2) 712. A estos fines una corporación es considerada una ciudadana del estado donde ha sido incorporada. Véase *Puerto Rico* v. *Russell & Co.*, 288 U.S. 476.

El Gobierno no ha controvertido las alegaciones de que el asunto en disputa en este caso excede de $3,000 y que todos los "trustees" unidos individualmente como demandados son ciudadanos y residentes de estados de los Estados Unidos, no domiciliados en Puerto Rico. En vista de esos hechos, los "trustees" individualmente insisten en su derecho de traslado por el fundamento de que en este caso no hay ninguna otra persona jurídica envuelta. Convenimos con el Gobierno que de nosotros trasladar el caso a base de eso sería en efecto decidir el caso en sus méritos. El hecho de que Eastern Sugar Associates tenga una personalidad jurídica propia es una de las cuestiones principales a ser determinadas en este caso. Sin embargo, no es necesario que entremos en esta cuestión. A los fines de la petición de

66

traslado, asumiremos, sin decidir la cuestión, que el Gobierno está en lo cierto al alegar que Eastern Sugar Associates tiene una personalidad jurídica propia y separada de los "trustees" individualmente.

■■ Los demandados alegan que aún si Eastern Sugar Associates es una entidad jurídica, no es una corporación, y que por lo tanto debemos aún considerar la ciudadanía y residencia de los "trustees" para determinar si existe diversidad de ciudadanía. *Great Southern Fire Proof Hotel Co.* v. *Jones,* 177 U.S. 449; *Thomas* v. *Board of Trustees,* 195 U.S. 207; *Beavers* v. *McMillan et als.,* 44 F. (2) 668; *Brown* v. *Protestant Episcopal Church,* 8 F. (2) 149. El decidir esta cuestión nos obligaría a determinar hasta qué punto *Puerto Rico* v. *Russell & Co.,* 288 U.S. 476, ha modificado la doctrina sentada en estos casos. Véanse 47 Harvard Law Review 135; 33 Columbia Law Review 540; 42 Harvard Law Review 1079. Una vez más esto equivaldría, implícitamente, a entrar- en los méritos del caso, ya que el Gobierno está tratando de que se decida que Eastern Sugar Associates es una corporación. Pero ya que encontramos de aquí en adelante que la alegada entidad es una entidad extranjera, y ya que los "trustees" son reconocidos ciudadanos y residentes de estados de los Estados Unidos, este problema desaparece. Este pleito puede ser trasladado bien miremos a la alegada entidad o a sus "trustees" individualmente buscando el requisito de diversidad de ciudadanía, siempre y cuando que la entidad sea extranjera.

Tenemos por lo tanto que determinar si Eastern Sugar Associates es una entidad extranjera. En su querella el Gobierno alega que "Eastern Sugar Associates es entidad que . . . fué organizada . . . a tenor de las leyes del Estado de Maryland . . .". El Gobierno suplica se dicte sentencia "declarando que la demandada Eastern Sugar Associates es para todo propósito práctico una corporación extranjera operando en esta Isla. . . .". Parecería que esto hiciese el

pleito trasladable sin ulterior investigación. Pero el Gobierno se opone al traslado porque la querella también alega que "el actual domicilio y *situs*" de Eastern Sugar Associates es en Puerto Rico, y que la oficina principal de negocios radica en Caguas, Puerto Rico. Estas alegaciones y la prueba relativa a ellas puede afectar los méritos del caso. Pero las cuestiones de "situs", radicación de oficina principal, y radicación de bienes inmuebles que se alega pertenecen a una entidad jurídica no tienen nada que ver con el traslado. El derecho al traslado de una entidad jurídica descansa en el hecho de que haya sido organizada bajo las leyes de un estado de los Estados Unidos. Véase *Puerto Rico* v. *Russell & Co.*, 288 U.S. 476, y los casos allí citados. Y el mismo Gobierno alega que en este caso esto se efectuó en el estado de Maryland.

La súplica de que declaremos que Eastern Sugar Associates es una corporación extranjera fortalece la conclusión a que hemos llegado. A pesar de que por lo regular la súplica no forma parte de un recurso, no nos parece fuera de lugar citarla en esta ocasión, en vista de su conformidad con la alegación del Gobierno, que la supuesta entidad fué organizada bajo las leyes de Maryland. Observamos también que la súplica para que recaiga sentencia se abstiene de pedir "la disolución de la entidad demandada" como se provee en la sección 2 de la ley núm. 47, Leyes de Puerto Rico de 1935, Sesión Extraordinaria, "si fuere doméstica".

Concedemos la petición de traslado a disgusto. "Seguramente nada toca más de cerca el interés local de Puerto Rico que la legislación haciendo efectiva la restricción Congresional sobre tenencias corporativas" (*Puerto Rico* v. *Rubert Hermanos, Inc.*, 309 U.S. 543, 548). Y casos en los cuales están envueltas nuevas cuestiones de ley local son mejor decididas en las cortes locales que en las federales. (*Railroad Commission of Texas* v. *Pullman*, 85 L. ed. 580). Pero bajo los estatutos federales y los casos de la Corte

Suprema de los Estados Unidos sobre traslado de casos, no tenemos otra alternativa que conceder la petición de traslado en este caso.

*Se dictará una orden trasladando la querella a la Corte de Distrito de los Estados Unidos para Puerto Rico.*