EL PUEBLO DE PUERTO RICO, querellante, *v.* HARRY E. HENNEMAN, ET AL., querellados.

Núm. 11.—*Sometido:* Marzo 1, 1949.   *Resuelto:* Mayo 17, 1949.

996

*Hon. Procurador General Vicente Géigel Polanco (Luis Negrón Fernández, Ex Procurador General,* en la moción) y *Nilita Vientós Gastón, Procuradora General Auxiliar,* abogados del querellante; *E. T. Fiddler, José G. González, Tomás I. Nido, Jorge M. Morales, Ramón L. Nevares* y *Andrés Guillemard,* abogados de los *Trustees* querellados; *J. Henri Brown,* abogado de varios de los arrendadores querellados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El Pueblo de Puerto Rico radicó ante este Tribunal una querella de *quo warranto* contra la Eastern Sugar Associates y varios arrendadores de terrenos a la Eastern. Alegaba la querella que la Eastern era dueña y controlaba más de 500 acres de tierra en violación de ciertas leyes insulares y federal. Los síndicos de la Eastern solicitaron de este Tribunal el traslado del pleito a la Corte de Distrito de los Estados Unidos para Puerto Rico. La Eastern se organizó de acuerdo con las leyes de Maryland, pero algunos de los arrendadores son ciudadanos de Puerto Rico. En su consecuencia, no existía la diversidad de ciudadanía, requisito necesario para conferir jurisdicción a la Corte Federal, a menos que la controversia entre El Pueblo y la Eastern fuera separable de la controversia existente entre El Pueblo y los arrendadores.

Resolvimos que la presente es una sola controversia inseparable, existente entre El Pueblo de un lado y la Eastern y los arrendadores del otro. Resolvimos que los arrendadores eran partes indispensables por dos motivos. En primer lugar, si prevalecía la contención de El Pueblo, los arrendamientos estarían sujetos a una opción de El Pueblo al precio "razonable" o "justo", que podría ser diferente al canon fijado en los arrendamientos. En segundo lugar, si se dictaba sentencia contra los demandados, las opciones quizá se referirían únicamente a tenencias de tierra en exceso de 500 acres; los arrendadores podrían tener interés en la determinación de la cuestión de si finalmente se permitiría la tenen-

cia en calidad de dueño *o* el arrendamiento de no más de 500 acres de terreno. Por lo tanto denegamos la petición de traslado. *Pueblo* v. *Henneman, etc.,* 61 D.P.R. 189. *Cf. Pueblo* v. *Henneman,* 60 D.P.R. 59. Véanse también, *Bank of California, Nat. Ass'n* v. *Superior Court,* 100 P.2d 1110 (Calif., 1940); 3 Moore's *Federal Practice,* 2da. ed., págs. 2144-77, 2198-2209.

El 5 de noviembre de 1943 los síndicos radicaron una moción para que se desestimara la querella por el fundamento de que más de 200 arrendadores de terrenos a la Eastern, cuyos nombres y direcciones se acompañaban en una lista, no habían sido incluídos como partes en el procedimiento. El 9 de diciembre de 1943 declaramos sin lugar la moción de desestimación, pero ordenamos a El Pueblo que emplazara a todos los arrendadores como partes indispensables en el pleito, a tenor con el artículo 74 del Código de Enjuiciamiento Civil, ed. de 1933.

Luego de varios incidentes que es innecesario enumerar ahora, el 7 de diciembre de 1948 El Pueblo radicó una moción solicitando que este caso fuese tratado como un pleito de clase y que se considerase a los arrendadores que hubiesen radicado alegaciones, como representantes de todos los arrendadores de terrenos a la Eastern. La moción informa que se ha ordenado el emplazamiento de 243 arrendadores, incluyendo a 70 de ellos por edictos; 29 han interpuesto excepciones previas; 3 han contestado; y se ha anotado la rebeldía a 206. Los síndicos y algunos arrendadores se han opuesto a la moción celebrándose la correspondiente vista, en la cual se adujo prueba.

La Regla 81(*a*) de las de Enjuiciamiento Civil prescribe que "estas reglas serán aplicables a todas las acciones civiles ordinarias y a todos los casos de *mandamus, injunction,* interdictos para retener o recobrar la posesión, tercerías, reclamaciones del derecho de hogar seguro."

Discutimos la naturaleza del procedimiento de *quo warranto* cuando resolvimos que tal procedimiento era trasladable a la Corte Federal. *Pueblo* v. *Henneman*, 60 D.P.R. 59, 63–64. Y véase, *Note, Quo Warranto Against Private Corporations*, 41 Harv.L.Rev. 244. No importa lo que se diga sobre este procedimiento, no es posible decir que el *quo warranto* es una "acción civil ordinaria". Y en la Regla 81(*a*) no aparece enumerado entre los otros procedimientos a los cuales son aplicables las reglas. Por consiguiente resolvemos que las Reglas no son de aplicación a este procedimiento. En verdad, así lo hemos ya resuelto implícitamente en nuestra resolución de diciembre 9, 1943, ordenándole al gobierno que emplazara a todos los arrendadores por ser partes indispensables de conformidad con el artículo 74 del Código de Enjuiciamiento Civil.

■■ Aquí es de aplicación el artículo 66 del Código de Enjuiciamiento Civil. Dicho artículo prescribe que "Los partícipes en una acción que estuvieren unidos por interés común deberán asociarse como demandantes o demandados; pero si no pudiera obtenerse el consentimiento de alguno que debió haberse asociado como demandante, podrá éste ser demandado, consignándose el motivo en la demanda; y cuando la cuestión sea de interés común o general de muchas personas, o las partes sean numerosas, y no fuese posible hacerles comparecer a todas ante la corte, una o más podrán entablar la demanda o llevar la defensa en representación de todas."

Es cierto que el artículo 66, al leerse literalmente, dice que procederá el pleito de clase cuando la cuestión envuelta sea de interés común *o* las partes fueren numerosas. Pero seguiremos el peso de las autoridades bajo disposiciones similares al artículo 66 al efecto de que deben existir el interés común *y* cantidad numerosa de personas. 3 Moore, supra, pág. 3416; *Comment,* 35 Calif.L.Rev. 443; *Note,* 30 Calif.L.Rev. 350, 351; Lesar, *Class Suits and the Federal Rules,* 22 Minn.L.

Rev. 34, condensado en 1 F.R.S. 782, 783; Wheaton, *Representative Suits Involving Numerous Litigants*, 19 Cornell L.Q. 399, 434–35; Gordon, *The Common Question Class Suit Under the Federal Rules and in Illinois*, 42 Ill. L.Rev. 518, escolio 8.

Toda vez que las Reglas no son aplicables a un recurso de *quo warranto*, este caso está gobernado por el artículo 66 y no por la Regla 23(*a*). Empero, el artículo 66 y la Regla 23(*a*), que es copia de la Regla 23(*a*) Federal, no son, a nuestros fines, materialmente diferentes. *State* v. *Board of County Com'rs of Creek County*, 107 P.2d 542, 552–54 (Okla., 1940); *Weaver* v. *Pasadena Tournament of Roses Ass'n*, 190 P.2d 626 (Calif., 1948); *Tunstall* v. *Brotherhood of Locomotive F. and E.*, 148 F.2d 403 (C.C.A. 4, 1945); Lesar, supra, págs. 783–84; Gordon, supra, pág. 523, escolio 37. Véase *Rivera* v. *Tugwell, Gobernador*, 59 D.P.R. 841, 848. *Cf. Partido Popular* v. *Junta Insular de Elecciones*, 63 D.P.R. 296, 313, con 63 D.P.R. a las págs. 319, 339. En su consecuencia no hemos vacilado en citar aquí casos recientemente resueltos por las cortes federales, bajo la Regla 23(*a*), aun cuando técnicamente estamos aplicando a este recurso el artículo 66 y no la Regla 23(*a*).

█ Existen tres grupos de pleitos de clase. En el primero, la naturaleza del derecho u obligación solicitada a favor o en contra de la clase es conjunta, común o subsidiaria. En el segundo, el derecho u obligación es separado, con el requisito adicional de que el objeto del pleito sea la adjudicación de reclamaciones que afecten o pudieran afectar una propiedad específica. En el tercero, el derecho u obligación es separado y debe existir una cuestión común de hecho o de derecho.

Este caso no cae ni bajo el segundo ni bajo el tercer grupo. En estas dos clasificaciones el derecho que se trata de hacer valer por los demandantes en representación de una clase, o como ocurre aquí, la responsabilidad que se exige a los demandados, representando una clase, es separado. En tales

casos los miembros de la clase tienen derechos o responsabilidades separados, y por consiguiente no son partes indispensables en un pleito relacionado con dichos derechos o responsabilidades. 3 Moore, supra, págs. 3439–56. Pero ya hemos resuelto, al resolver la solicitud de traslado, que la responsabilidad de los arrendadores y la de la Eastern en este caso es una sola e inseparable, y que los arrendadores son partes indispensables en este procedimiento. A menos que revoquemos dicha decisión, que nadie impugna aquí, no vemos forma de incluir este caso en el segundo o en el tercer grupo.

■ Pasemos al primer grupo de pleitos de clase. Bajo el mismo el derecho o responsabilidad solicitado a favor o en contra de los miembros de una clase, es conjunto, común o subsidiario. Cada contrato de arrendamiento a la Eastern afecta a diferentes arrendadores y diferentes parcelas de terreno. En su consecuencia, cualesquiera controversias existentes entre arrendadores y la Eastern envolvería derechos y responsabilidades separados más bien que conjuntos o comunes. Pero ése no es el caso ante nos. Aquí la controversia es más bien entre El Pueblo de un lado y la Eastern y los arrendadores del otro. Y hemos resuelto, al declarar sin lugar la solicitud de traslado, que la querella imputa una infracción de la ley que envuelve una sola controversia en la cual los arrendadores son partes indispensables. Es decir, la Eastern y los arrendadores, según la querella, han realizado una infracción común. Véase *Gibbs* v. *Buck,* 307 U.S. 66, 74. "Si bien de ordinario los intereses de propietarios son separados, éstos pueden bajo ciertas circunstancias, tener sus intereses tan en común, que sus derechos [o responsabilidades] son comunes . . . ". 3 Moore, supra, pág. 3481; *Weeks* v. *Bareco Oil Co.,* 125 F.2d 84, 88 (C.C.A. 7, 1941); *Note,* 46 Col.L.Rev. 818, 827, escolio 42. Por consiguiente este caso cumple con el requisito al efecto de que para estar comprendido en el primer grupo, el pleito debe ser uno "en

el cual, si no contáramos con el procedimiento de un pleito de clase, la inclusión de todas las partes interesadas sería esencial." 3 Moore, supra, pág. 3435; id., págs. 3461, 3467, escolio 36; *Note,* 55 Yale L.J. 831, 832, escolio 14; *Note,* 46 Col. L.Rev. 820, 821; *Pentland* v. *Dravo Corporation,* 152 F.2d 851, 852 (C.C.A. 3, 1945); *Giesecke* v. *Denver Tramway Corp.,* 12 F.R.S. 23 a 62—caso 1 (D.Ct. Del., 1949).

Pero la existencia de un derecho o responsabilidad común a todos los miembros de la clase no es el único requisito del pleito de clase del primer grupo. Existen dos requisitos más. Primeramente de conformidad con las disposiciones del artículo 66, debemos resolver que los miembros de la clase son tan numerosos que resulta impracticable traerlos a todos ante la corte. En segundo lugar, toda vez que las sentencias dictadas en los méritos en pleitos de clase dentro del primer grupo, son obligatorias para todos los miembros de la clase,([1]) la cláusula del debido procedimiento exige que aquéllos seleccionados para representar a la clase, asegurarán de manera justa la representación adecuada de la clase. *Hansberry* v. *Lee,* 311 U.S. 32.

Apoyándose en el lenguaje empleado a las págs. 44–45 de *Hansberry* v. *Lee,* los querellados sostienen que los arrendadores que han radicado alegaciones no podrían representar adecuadamente a los arrendadores no emplazados aún, porque los intereses de los primeros podrían ser contrarios a los de los segundos. Creemos innecesario determinar si este

---

([1])Las sentencias dictadas en los méritos en todos los pleitos de clase pertenecientes al primer grupo, contrarias a aquéllas dictadas para los del segundo y tercer grupos, son obligatorias para todos los miembros de la clase, incluyendo aquéllos que nunca fueron emplazados y no comparecieron. *Knowles* v. *War Damage Corp.,* 171 F.2d 15 (C.C.A., D.C., 1948); *California Apparel Creators* v. *Wieder of California,* 162 F.2d 893, 896 (C.C.A. 2, 1947); *Weaver* v. *Pasadena Tournament of Roses Ass'n,* supra, pág. 629; 3 Moore, supra, págs. 3456–72; *Restatement, Judgments,* secciones 26, 86; *Note,* 49 Yale L.J. 1125. (Una sentencia en un pleito de clase del segundo grupo es *res judicata* para los miembros no emplazados, en tanto en cuanto el procedimiento funciona *in rem,* pero no en forma otra alguna. 3 Moore, supra, págs. 3468–69). En verdad, de otro modo un pleito de clase no procedería bajo las circuns-

1002

caso es distinguible del de *Hansberry* v. *Lee.*(²)   Aun suponiendo que no estemos conformes con el argumento de los querellados, no podemos declarar con lugar la moción de El Pueblo por un motivo diferente.

Como ya se ha indicado, el primer requisito para justificar un pleito de clase bajo el artículo 66, es que los miembros de la clase son tan numerosos que resulta impracticable traerlos a todos ante la corte.   Es innecesario determinar si habríamos resuelto que este caso cumplió con dicho requisito si El Pueblo nos hubiera pedido que tratáramos el caso como un pleito de clase, antes de que se emplazara a un buen número de arrendadores.   Por el contrario, el gobierno trató de cumplir nuestra resolución del 9 de diciembre de 1943, para que se emplazara a todos los arrendadores.   De acuerdo con su alegato, para el 7 de febrero de 1949 el gobierno había emplazado 238 arrendadores, aproximadamente 70 por edictos; se le había anotado la rebeldía a 235; tres contestaron; y cinco quedaron pendientes de emplazar.

El gobierno ha traído ante la corte 238 arrendadores, ya sea mediante emplazamiento personal o por edictos.   Solicita ahora que tratemos a los pocos que han comparecido como representantes de los que quedan por emplazar.   Pero del récord no hay medio de determinar si los que faltan por em-

tancias de este caso. No podemos resolver que todos los arrendadores son partes indispensables, y a renglón seguido tratar el caso como un pleito de clase y permitir que algunos arrendadores representen a otros, a menos que estemos seguros de que la sentencia obligará a toda la clase. De lo contrario, estaríamos en efecto revocando nuestra decisión de que todos los arrendadores son partes indispensables.

(²)*Cf. Keefe et al., Lee Defeats Ben Hur,* 33 *Cornell* L.Q. 327; Kalven y Rosenfield, *The Contemporary Function of the Class Suit,* 8 U.Chi.L.Rev. 684; *Note,* 46 Col.L.Rev. 818, 831, 3 Moore, supra, págs. 3461, 3471; Gordon, supra, págs. 526-28; *Restatement, Judgments,* sec. 86; *Annotation,* 132 A.L.R. 749; *Redmond* v. *Commerce Trust Co.,* 144 F.2d 140, 151-52 (C.C.A. 8, 1944); *Weeks* v. *Bareco Oil Co.,* supra; *Horton* v. *Citizens Nat. Trust & Savings Bank,* 195 P.2d 494 (Calif., 1948); *Certia* v. *University of Notre Dame Du Lac, Ind.,* 141 N.E. 318 (Ind., 1923); *Matthews* v. *Landowners Oil Ass'n,* 204 S.W.2d 647 (Tex., 1947); *Richardson* v. *Kelly,* 191 S.W.2d 857 (Tex., 1946), criticado adversamente en 3 Moore, supra, pág. 3432, escolio 38 y págs. 3463-64, *Comment,* 46 Col.L.Rev. 818, 832, y *Note,* 55 Yale L.J. 831.

plazar son numerosos. Sobre esta cuestión, el alegato del gobierno meramente dice que ''Según información en poder de El Pueblo obtenida por distintos medios quedan aún 4 arrendadores y una sucesión por emplazar e ignora si aún posee la lista completa de los arrendadores.'' Esto no constituye prueba de que los restantes arrendadores no emplazados aún, son tan numerosos que resulta impracticable traerlos a todos ante la corte. 3 Moore, supra, págs. 3420–22; *Weeks* v. *Bareco Oil Co.*, supra; *Johnson* v. *Riverland Levee Dist.*, 117 P.2d 711, 714–15 (C.C.A. 8, 1941); *Comment*, 46 Col.L.Rev. 818, 830–31.

Es importante indicar que éste no es el caso en que, luego de emplazar personalmente o por edictos a un gran número de demandados, el demandante pide que después en el curso de los procedimientos, unos pocos representen a todos los demás con el fin de evitarse trámites complicados. Aquí el gobierno no se queja del gran número de demandados que han comparecido. En verdad, no podría hacerlo ya que sólo un reducido número de arrendadores han radicado alegaciones. Más bien la médula de la moción del gobierno es que éste desea descontinuar sus esfuerzos para conseguir una lista completa de los arrendadores.

Según indicamos en la vista oral, la ley provee medios por los cuales el gobierno puede obtener rápidamente una lista completa de los arrendadores a la fecha de la radicación de la querella. Con todos los recursos de la ley y del gobierno a mano, no vemos por qué le es imposible, impracticable o aun difícil a El Pueblo cerciorarse por lo menos de la identidad de tales arrendadores. Hasta donde surge del récord, habiendo ya el gobierno emplazado 238 arrendadores, puede ser que quede comparativamente un pequeño número de arrendadores que no han sido emplazados. Una vez establecida su identidad, si sólo queda un pequeño número, será cosa fácil emplazarlos bien personalmente o por edictos. Sin alguna prueba testifical en cuanto al número aproximado de

1004

arrendadores no emplazados aún, no podemos concluir en esta etapa del procedimiento, que los arrendadores no emplazados son tan numerosos que resulta impracticable traerlos a todos ante la corte, bien sea emplazándolos personalmente o por edictos.

*La moción de El Pueblo para que tratemos este caso como un pleito de clase será declarada sin lugar.*

El Juez Asociado Sr. Negrón Fernández no intervino.