El Pueblo de Puerto Rico, querellante, v. Central Aguirre Associates (Trust de Massachusetts), Central Aguirre Sugar Company (Corporación Doméstica), Central Machete Company (Corporación Doméstica) y Luce & Company, S. en C., demandadas.

Núm. 9.—*Sometido:* Junio 7, 1943. *Resuelto:* Mayo 4, 1944.

*Charles R. Hartzell,* abogado de Central Aguirre Associates; *Hon. Procurador General Interino M. Rodríguez Ramos, Miguel Guerra-Mondragón, Rafael Rivera Zayas, Luis Venegas Cortés y Nilita Vientós Gastón,* abogados asociados los cuatro últimos, abogados todos del querellante.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Se trata de una moción sobre nulidad de emplazamiento radicada por la codemandada Central Aguirre Associates.

El Procurador General de Puerto Rico presentó en este tribunal una solicitud para que se instruya información de la naturaleza de *quo warranto* a nombre de El Pueblo de Puerto Rico contra las demandadas Central Aguirre Associates (Massachusetts Trust); Central Aguirre Sugar Co. (corporación doméstica) Central Machete (corporación doméstica); y Luce & Company, S. en C. (sociedad constituída de acuerdo con el Código Civil de Puerto Rico) alegando que en violación abierta de la Resolución Conjunta núm. 23 del Congreso 56, Sesión Primera, aprobada en 1º. de mayo de 1900 (31 Stats. at Large 716, Código de los Estados Unidos, Título 48, Sección 752), así como de la ley local sobre corporaciones privadas, el referido fideicomiso Central Aguirre Associates es dueño de y controla en la actualidad, tanto por sí como por las subsidiarias o agentes que directamente domina, o sea las demandadas Central Aguirre Sugar Company, The Central Machete Company y Luce & Company, S. en C., las cuales ''cada una de ellas posee y controla en pleno dominio, como cada una de ellas ha poseído y controlado por largo tiempo pasado, ciertas tierras de labrantío en exceso de 500 acres, en las que todas y cada una de dichas demandadas se dedica

a la siembra, cultivo y recolección de cañas de azúcar, y cada una de dichas cuatro demandadas contribuye y participa en las violaciones cometidas por cada una de las otras demandadas."

Alegó además que "Central Aguirre Associates maneja, controla y domina todas las propiedades de Luce & Company, S. en C." y que Luce & Company "carece de existencia real pues que los accionistas del fideicomiso Central Aguirre Associates y los de Central Aguirre Sugar Company son dueños de la totalidad del capital de la sociedad Luce & Company, S. en C. . . ."

Permitida la radicación de la solicitud, se ordenó el emplazamiento de las demandadas, y una vez diligenciado, fué devuelto por el márshal con el siguiente certificado en cuanto a Central Aguirre Associates:

"Yo, William G. Látimer, Márshal de la Corte Suprema de Puerto Rico, certifico:

"Que recibí la presente citación a las 10:18 a. m. del día 28 de mayo de 1941, y queda debidamente diligenciada entregando copia fiel de la misma, de la resolución de este Tribunal Supremo de fecha 26 de mayo de 1941 y de la querella de la naturaleza de un quo warranto presentada en éste caso, a todas y cada una de las demandadas; viz:

"Central Aguirre Associates en la persona de Marcelo J. Obén, en su carácter de agente en Puerto Rico de dicha entidad, personalmente en su oficina en Aguirre, P. R., hoy día 9 de junio de 1941, a las 10:00 a. m.

"Deseo hacer constar que el Sr. Marcelo J. Obén, rehusó aceptar la notificación y emplazamiento para la Central Aguirre Associates porque ni la Sociedad Luce & Company, S. en C., de quien él es socio gestor, ni él personalmente, son agentes, ni empleados, ni representantes de dicha Central Aguirre Associates, y al yo insistir en dejarle estos documentos, manifestó que los tendría que devolver al Tribunal Supremo de Puerto Rico.

"      .          .          .          .          .          ."

Central Aguirre Associates solicita se decrete la nulidad de este emplazamiento por los fundamentos, según los resume

el fideicomiso demandado en su alegato, de que: "Central Aguirre Associates is not a legal person but the common designation of the business carried on by Messrs. Charles Francis Adams, Charles G. Bandroft, Robert F. Herrick, J. Brooks, George C. Lee, George S. Mumford, Jr., Eliot Wodsworth, Ellsworth Bunker, John Farr and Charles G. Meyer under a declaration of trust agreement executed at Boston, Massachusetts; none of which persons has ever been, nor is, a resident of Puerto Rico or domiciled therein; that Marcelo Obén, is in no manner or form, directly or indirectly an agent or representative of the Associates, the trustees thereof or these persons as individuals, who have never had an agent or representative of any kind in Puerto Rico nor any office or place of business in Puerto Rico nor transacted any business therein. That no consent has even been given for such service as was attempted or for any other service." Por lo que la demandada alega que este tribunal carece de jurisdicción sobre ella y que cualquier sentencia dictada en este caso contra ella o las personas haciendo negocios bajo dicha designación común, sería sin el debido procedimiento de ley y nula, en contravención de las disposiciones de la Constitución de Estados Unidos y de la Ley Orgánica de Puerto Rico.

La cuestión en controversia, según se dijo en el caso de *Pueblo* v. *South Porto Rico Sugar Company*, 56 D.P.R. 661, 664, en el cual se suscitó una situación similar, es la siguiente: ¿Está Central Aguirre Associates haciendo negocios en Puerto Rico, a través de agentes y fiduciarias, de tal forma y en tal grado que justifique la inferencia de que se halla presente en esta Isla, y se ha sometido a su jurisdicción y a sus leyes?

Examinemos las relaciones que existen entre Central Aguirre Associates, Luce & Co., S. en C. y Marcelo J. Obén, según las propias alegaciones de la demandada y la prueba

presentada el día de la vista celebrada ante esta corte. Antes de continuar hacemos constar que admitimos definitivamente la prueba admitida condicionalmente el día de la vista y se anota la excepción correspondiente a la demandada.

De acuerdo con dicha prueba Luce & Co., S. en C. tiene un capital de $1,203,000 del cual, a su constitución en 1919, los socios gestores John D. H. Luce, John Farr, Charles L. Carpenter, contribuyeron $1,000 cada uno, y Charles G. Meyer, Louis Bacon y Charles G. Bandroft como socios comanditarios contribuyeron $400,000 cada uno, siendo sus contribuciones convertidas en acciones del valor a la par de $10. Al momento de radicarse este procedimiento de quo warranto la sociedad Luce & Co. se componía de William H. Gulliver como único socio comanditario y Edward G. English, Frederick A. Stevens y Marcelo J. Obén como socios gestores, siendo el Sr. Obén el socio gerente (*managing partner*). El artículo 11 de la escritura de constitución de la sociedad provee que los socios gestores recibirán de las ganancias anuales la suma de $1,000 y que el socio gerente (managing partner) podrá recibir aquella suma adicional como compensación por sus servicios que determinen los socios gestores. El remanente de las ganancias, con excepción de aquellas sumas necesarias para cubrir los gastos de negocios, o para aumentar el capital, extender el volumen de negocios u otros propósitos lícitos (*proper purpose*), se repartirán entre los socios comanditarios en proporción a las acciones que posean. Estas acciones de Luce & Co. que representan el interés de los socios comanditarios las poseen dichos socios "*in trust*", sujetas a ciertas obligaciones incurridas en la creación del fideicomiso, para el beneficio prorrata de los accionistas de Central Aguirre Associates en una proporción de $\frac{179,384}{180,000}$ y para el beneficio prorrata de los accionistas de Central Aguirre Sugar Company en una proporción de $\frac{616}{180,000}$.

El Procurador General alega que esta situación de hechos que acabamos de exponer es completamente análoga a la que tuvo este tribunal ante sí en el caso de *South Porto Rico Sugar Co.*, supra, por lo que nos pide que lleguemos a igual conclusión o sea, que desestimemos la moción por el fundamento de que Central Aguirre Associates está "haciendo negocios" en Puerto Rico. Veamos si tiene razón.

En el caso de South Porto Rico Sugar Co. había, al igual que en éste, una sociedad en comandita (Russell & Co.) dedicada a la agricultura en Puerto Rico. Dicha sociedad a la fecha de su constitución consistía en tres socios gestores que aportaron $1,000 cada uno y tres comanditarios, dos de los cuales aportaron $30,000, y el otro $40,000. La primera diferencia que encontramos es que dos de los socios gestores de Russell & Co. eran a la vez directores de la corporación de New Jersey, y uno de éstos, el Sr. Dillingham, era socio gerente de Russell & Co. y Presidente de South Porto Rico Sugar Co. Ninguno de los socios originales o actuales de Luce & Co. es uno de los actuales *trustees* de Central Aguirre Associates. No tenemos ante nos el *trust agreement* constitutivo de Central Aguirre Associates, por lo que nos es imposible determinar si los trustees actuales de los Associates son los mismos que los originales. En el caso de South Porto Rico Sugar Co. los comanditarios de Russell & Co., por la suma de $100,000 cedieron al American Colonial Bank todos los beneficios pecuniarios que en su carácter de comanditarios tuviesen derecho a percibir de Russell & Co., reservándose cada uno una participación de $500 anuales en las ganancias y una aportación al capital de $500 cada uno. A la vez se otorgó un "trust agreement" mediante el cual el American Colonial Bank se constituyó en trustee para repartir los beneficios entre los accionistas comunes de South Porto Rico Sugar Co. Repetimos que desconocemos los términos del fideicomiso en el caso de autos, pero sí consta que en vez de ser el "trustee" una entidad distinta, como el American

Colonial Bank en el .caso de la South Porto Rico Sugar Co., aquí el "trustee" es el propio socio comanditario de Luce & Co., William H. Gulliver.  Al igual que en el caso de South Porto Rico Sugar Co., el "trustee" posee el capital en comandita para beneficio de los accionistas de Central Aguirre Associates.  En el caso de South Porto Rico Sugar Co. aparece del "trust agreement" que los accionistas comunes de dicha corporación, tenían el control del "trustee" y podían destituirlo, o dar por terminado el fideicomiso cuando lo estimaren conveniente.  No sabemos si existe igual disposición en el caso de autos.

La demandada hace esfuerzos y dedica gran parte de su alegato tratando de distinguir el caso de South Porto Rico Sugar Co. del de autos.  El Procurador General, por su parte, arguye que lo que la demandada pretende es que esta corte reconsidere el criterio adoptado en dicho caso.  Examinando los alegatos allí presentados, encontramos expuestas casi todas las doctrinas y la jurisprudencia que se nos presentan ahora de nuevo por la demandada.  Creemos que lo resuelto en dicho caso es aplicable al de autos y, por tanto, nos limitaremos a considerar las cuestiones nuevas planteadas en consideración a los diferentes hechos envueltos en este caso.

Arguye la demandada que en el de South Porto Rico Sugar Co. se trataba de una corporación mientras que Central Aguirre Associates es un "Massachussetts Trust", carente de personalidad jurídica.  No tiene razón la demandada ya que el Tribunal Supremo de Estados Unidos en el caso de *Hemphill* v. *Orloff*, 277. U. S. 537 expresamente ha reconocido la personalidad jurídica de un Massachusetts Trust, diciendo a la página 548:

"Las cortes de Massachusetts dan efecto a convenios como el aquí descrito, reconocen la autoridad de asociaciones organizadas de acuerdo con los mismos y sostienen que tanto los fideicomisarios como los accionistas están exentos de responsabilidad personal."

y más adelante a la página 550 se dice

"Que una asociación determinada sea llamada corporación, sociedad o fideicomiso, no es el factor esencial para determinar los poderes del Estado para con ella. La verdadera naturaleza de la organización debe ser considerada. Si está revestida con las funciones y atributos ordinarios de una corporación está sujeta a un trato similar. (citas)."

No puede, por tanto, sostenerse que la demandada carezca de personalidad jurídica. A los efectos de la cuestión planteada ahora y en ausencia del "trust agreement" tenemos que aceptar como ciertas las alegaciones contenidas en la querella[1] y ellas son suficientes para demostrar que la demandada "está revestida de las funciones y atributos de una corporación". No creemos por tanto aplicable el caso de *Flexner* v. *Farson,* 248 U. S. 289, citado por la demandada, que se refiere a los requisitos exigidos para emplazar a una sociedad.

Arguye además la demanda que el socio comanditario de Luce & Co., o sea el "trustee", posee las acciones en fideicomiso para los accionistas de Central Aguirre Associates y no para beneficio de dicha entidad, y que es a ésta a quien se ha tratado de emplazar. Cabe preguntar ¿pero quién es Central Aguirre Associates? ¿Es acaso una razón social empírica, intocable e inaccesible por el hecho de que sean sus accionistas los que reciben los beneficios a través del "trustee"? El hecho es que dicho trustee es el socio comanditario de Luce & Co. y que el nexo jurídico entre las partes demandadas hay que determinarlo desde el punto de vista del control, según ha sido alegado en la querella y probado, es decir, que la entidad Central Aguirre Associates controla a sus subsidiarias codemandadas incluyendo a Luce & Co. Lo importante no es, como arguye la demandada, quién recibe los beneficios de Luce & Co., si es la entidad

[1] Para un resumen completo de ellas véase *Pueblo* v. *Central Aguirre Associates,* 59 D.P.R. 406.

Central Aguirre Associates o si son sus accionistas directa-. mente. Este recurso de quo warranto no es una acción que tiene como base resolver quién recibe dichos beneficios. Aquí lo que se va a ventilar es si la Central Aguirre Associates está violando la prohibición sobre tenencia de tierras en exceso de 500 acres. Por lo tanto, lo importante es que los accionistas de Central Aguirre Associates controlan dicha entidad, y dicha entidad a su vez, de acuerdo con el caso de South Porto Rico Sugar Co., supra, controla la sociedad doméstica Luce & Co. En el referido caso el trustee también estaba en la obligación de repartir los beneficios a los accionistas y no a la entidad.

Sostiene la demandada que si bien el socio comanditario de Luce & Co. no tiene interés en el *"trust res"*, ya que el *"beneficial interest"* está en los accionistas de la demandada Central Aguirre Associates, sin embargo, sigue siendo, como trustee, dueño de dichas acciones, y que por tanto dichos accionistas no pueden controlarle en el ejercicio de sus funciones como tal. Un *affidavit* presentado por la demandada y firmado por J. Brooks Keyes, Tesorero de la demandada, así como la declaración del Sr. Marcelo J. Obén, ambos al efecto de que el alegado control no existe, por ser *"self serving evidence"* no tiene gran fuerza probatoria, según resolvimos en el caso de South Porto Rico Sugar Company, supra.

Resta considerar la contención de la demandada en el sentido de que este caso se diferencia del de South Porto Rico Sugar Co., porque allí se emplazó a ''Carl S. Nadler, en su carácter de socio gestor (*managing partner*) de Russell & Co., Sucesores, firma social que, de acuerdo con las alegaciones 8 y 9 de la querella, era agente en Puerto Rico de South Porto Rico Sugar Co.''; mientras que aquí se emplazó a ''Central Aguirre Associates en la persona de Marcelo J. Obén en su carácter de agente en Puerto Rico de dicha en-.

tidad.'' Arguye la demandada que Marcelo J. Obén no es ni ha sido nunca agente suyo en Puerto Rico. Empero, ya hemos visto que Luce & Co. sí lo es, y considerando que Luce & Co. es una persona jurídica que ''únicamente puede actuar a través de aquellas personas autorizadas a actuar a su favor (*United States* v. *Dotterweich,* 320 U. S. 277, 281) es lógico y razonable que se emplace a su socio gestor cuando se trate de emplazar a Luce & Co. como agente en Puerto Rico de Central Aguirre Associates. El hecho de que así no se hiciera constar en el certificado del márshal nos parece, dentro de las circunstancias de este caso, un formalismo innecesario. La razón por la cual la ley requiere que cuando a una persona se emplaza en su carácter de agente de otra así se le haga constar, es que, siendo uno de los requisitos de debido procedimiento de ley el que el principal reciba notificación de dicho emplazamiento, si no se le dice al agente que se le emplaza como tal, se corre el riesgo de que el principal nunca se entere de que ha sido emplazado por mediación de su agente. Empero, en el caso de autos esa consideración ha dejado de tener importancia, toda vez que Central Aguirre Associates ha comparecido y aceptado que el emplazamiento que se hizo en la persona del Sr. Obén iba dirigido a ella.

Somos de opinión que dentro de las circunstancias generales concurrentes, forzoso es concluir, a tenor con lo resuelto en el tantas veces mencionado caso de *South Porto Rico Sugar Company,* que Central Aguirre Associates está presente haciendo negocios en Puerto Rico a través de las codemandadas.

*Se desestima la moción sobre nulidad del emplazamiento.*